UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL WERBACH,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Case No. 24-cv-00015-JD<br><br>**ORDER RE DISMISSAL AND STAY** |

Plaintiff Adam Werbach alleges that his 2020 Chevy Bolt, which was manufactured by defendant General Motors (GM), has a defective battery. Dkt. No. 1-1. GM removed the action from state court on and allegation of diversity jurisdiction, Dkt. No. 1, and now asks to dismiss Werbach's claims for fraud and for violation of California's Unfair Competition Law (UCL), Cal. Prof. & Bus. Code § 17200, *et seq*, under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Dkt. No. 11. Dismissal is granted.

The complaint is identical to dozens of other cases filed by the same plaintiffs attorneys and repeatedly dismissed in this District. *See*, *e.g.*, *Swearingen et al v. General Motors, LLC*, No. 23-cv-04314-SI (Nov. 6, 2023) (Dkt. No. 33); *Rodrigues et al v. General Motors, LLC*, No. 23-cv-04488-WHA (Dec. 21, 2023) (Dkt. No. 35). The modus operandi is to file basically the same threadbare complaint in multiple cases, and oppose motions to dismiss on claims that have been dismissed on many prior occasions. This conduct has resulted in an order to show cause why plaintiff's counsel Ryan Marden "shouldn't be sanctioned for continuing to include sparse cookie-cutter fraud and UCL claims in their numerous complaints against General Motors, and continuing to oppose motions to dismiss those claims, despite courts continuing to find the very same

allegations deficient." *Singh v. General Motors, LLC*, No. 23-cv-06702-VC (Feb. 8, 2024) (Dkt. No. 18).

The complaint here is similarly devoid of any meaningful allegations of fraud or wrongdoing that might make the claims plausible. It makes vague reference to a handful of marketing statements made about the Bolt dating back to 2016, which may or may not have anything to do with Werbach's 2020 model, and which Werbach may or may not have even seen before purchasing his car. Such basic facts as whether Werbach's battery was ever recalled, and whether he ever sought to have it repaired, are not clearly stated.

In response to the motion to dismiss, Werbach folded and simply asked for leave to amend. *See* Dkt. No. 12 at pp. 3, 6, & 8. The Fourth and Fifth Causes of Action are dismissed. In light of attorney Marden's emerging record of unprofessional conduct in this District, the case is stayed and administratively closed until the order to show cause is decided in *Singh*. The parties are directed to promptly advise the Court of the entry of that order. The question of whether this case will be dismissed *in toto* for attorney misconduct will be decided in a subsequent order.

**IT IS SO ORDERED.**

Dated: April 2, 2024

JAMES DONATO
United States District Judge